The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.



Mary Ann Whipple
United States Bankruptcy Judge

Dated: June 17 2013

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 12-33959 |
| | ) | |
| Bernadette Newell | ) | Chapter 7 |
| | ) | |
| | ) | |
| Debtor(s). | ) | SUCCESSOR JUDGE |
| | ) | |

### ORDER

This matter is before the court on the Motion of the Debtor to Reopen her Chapter 7 Case for the purpose of filing a reaffirmation agreement relating to debt secured by Debtor's motor vehicle. [Doc. # 28] ("Motion"). On May 7, 2013, the court held a hearing on the Motion. [Doc. # 34]. Debtor and Debtor's attorney appeared at the hearing. The issue before the court at the hearing concerned the timeliness of the reaffirmation agreement proposed to be filed with the court.

On August 28, 2012, the Debtor, Bernadette Newell, filed a petition for relief under Chapter 7 of the United States Bankruptcy Code. [Doc. #1]. In her bankruptcy, the meeting of creditors was first set for October 18, 2012. At the time she filed her petition for relief, Debtor was indebted to Ford Motor Credit Company. This indebtedness was secured by a lien on Debtor's 2011 Ford F150 truck.

Debtor's discharge was entered on December 20, 2012. [Doc. # 25]. On December 27, 2012, the bankruptcy case was administratively closed. No reaffirmation agreement for the debt owed to Ford Motor Credit was filed with the court, either before Debtor's discharge or before the case was closed. At the hearing, counsel acknowledged that neither Debtor nor a representative of Ford Motor Credit had signed the reaffirmation agreement proposed to be filed with the court before Debtor's discharge was entered on December 20, 2012. The court finds from the undisputed statements of counsel and Debtor made at the hearing that Debtor had made and was current on, and that Ford Motor Credit had accepted and applied, all payments due on the debt up to the time of the hearing on May 7, 2013, and that there was thus no monetary default on the loan agreement.

While debtors can voluntarily repay any debt, 11 U.S.C. § 524(f), however, Section 524(c) of the Bankruptcy Code allows a debtor to enter into an agreement with a creditor to reaffirm a debt. The effect of a reaffirmation agreement is to turn an otherwise dischargeable debt into a nondischargeable debt. Reaffirmation agreements are normally executed by a debtor in favor of a creditor who holds a nonavoidable lien on property the debtor owns and wishes to retain notwithstanding the bankruptcy filing.

Because of its effect on dischargeability, reaffirmation agreements interfere with a primary goal of bankruptcy law – that of affording a debtor a fresh start. Such agreements, therefore, are only enforceable if there has been strict compliance with the statutory requirements set forth in Bankruptcy Code § 524(c). *Renwick v. Bennett (In re Bennett)*, 298 F.3d 1059, 1067 (9th Cir. 2002); *In re Stewart*, 355 B.R. 636, 639 (Bankr. N.D. Ohio 2006). Among the requirements needed to effectuate an enforceable reaffirmation agreement, § 542(c)(1) of the Code provides, in relevant part:

> (c) An agreement between a holder of a claim and the debtor, the consideration for which, in whole or in part, is based on a debt that is dischargeable in a case under this title is enforceable only to any extent enforceable under applicable nonbankruptcy law, whether or not discharge of such debt is waived, only if–
>
>   (1) such agreement was made before the granting of the discharge under section 727,
> . . .

The key language here is "made before the granting of the discharge."

In order for an agreement to be "made" as applied to § 524(c)(1), the agreement must be executed,

2

which generally means that both the creditor and debtor have signed the agreement. The time of making a Reaffirmation Agreement is determined from the dates of the signatures, with the parties' agreement formed on the last date signed. *In re Golladay*, 391 B.R. 417, 422, n.1 (Bankr. C.D. Ill. 2008). The court cannot waive this requirement. *See Childress v. Middleton Arms, L.P. (In re Middleton Arms, Ltd. P'ship)*, 934 F.2d 723, 724 (6th Cir.1991) (court's equitable powers constrained by express provision of the Bankruptcy Code).

In this case, the reaffirmation agreement proposed to be filed with the court was not signed by both Debtor and an authorized representative of Ford Motor Credit before Debtor's discharge was entered on December 20, 2012. Accordingly, within the plain meaning of § 524(c)(1), any reaffirmation now proposed to be filed with the court was not "made before the granting of the discharge."

In addition to this deficiency concerning § 524(c)(1), there exists an additional issue with respect to the Agreement. Section 524(c)(3) sets forth that a reaffirmation agreement is only enforceable if "such agreement has been filed with the court . . . ." Bankruptcy Rule 4008(a) provides that a "reaffirmation agreement shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a) of the Code." Fed. R. Bankr. P. 4008(a). *But see In re Parker,* 372 B.R. 835 (Bankr. W.D. Tex. 2007)(court holds that Rule 4008 conflicts with the statute and must be disregarded, so statutory deadline for filing a reaffirmation agreement is any time before discharge). In this case, given that the meeting of creditors was first set for October 18, 2012, any proposed reaffirmation agreement had to be filed no later than December 17, 2012 (the 60th day being a weekend day, the first business day thereafter pursuant to Fed. R. Bankr. P. 9006(a)(1)(C)).

Bankruptcy Rule 4008(a) does afford the court discretion, "at any time," to enlarge the deadline for filing a reaffirmation agreement. However, even if the court were inclined to do so, this issue is moot since the proposed reaffirmation agreement does not strictly comply with the "made before the granting of the discharge" requirement of § 524(c)(1). Notwithstanding that the filing deadline may be extended by the court "at any time," the Bankruptcy Code still requires reaffirmation agreements to be entered into before a debtor's discharge. *See* 11 U.S.C. § 524(c)(1); *In re Golladay*, 391 B.R. at 421.

Section 350(b) provides that a "case may be reopened in the court in which such case was closed

3

to administer assets, to accord relief to the debtor, or for other cause." In this case, because the reaffirmation agreement sought to be filed by Debtor does not comply with the requirements of § 524(c), the court is without authority to accord Debtor the relief requested in her Motion.[1]

**IT IS THEREFORE ORDERED** that Debtor's Motion to Reopen her Chapter 7 Case for the purpose of filing a reaffirmation agreement on her motor vehicle [Doc. # 28] is hereby **DENIED**, provided, however, the court finds that as of the May 7, 2013, hearing on the Motion, Debtor was not in monetary default of the loan agreement, which she may voluntarily repay under 11 U.S.C. § 524(f) notwithstanding Debtor's discharge, and with the acceptance and application of said voluntary payments not constituting a violation of the discharge injunction in Debtor's case.

###

---

[1] Although not relief requested in her Motion, the court likewise does not find a statutory or other basis to vacate Debtor's discharge. As most other bankruptcy judges who have addressed this issue have held, including at least one in this district, the Bankruptcy Code does not contain any provisions authorizing vacation of a discharge under these circumstances. *E.g., In re Stewart*, 355 B.R. at 638-39; *In re Nichols*, Case No. 10-01323, 2010 Bankr. LEXIS 4019, *5 (Bankr. N.D. Iowa, Nov. 29, 2010)(Surveying various Bankruptcy Code provisions, court concludes that "[t]here is no bankruptcy code provision allowing debtors to set aside the discharge, or allowing discharges to be set aside to reaffirm a debt."); *In re Clark*, Case No. 8-10-73746-reg, 2010 Bankr. LEXIS 4964, *12-*14 (Bankr. E.D. N.Y. Dec. 21, 2010). Nor would Rule 9024 of the Federal Rules of Bankruptcy Procedure, which incorporates Rule 60 of the Federal Rules of Civil Procedure, provide grounds for relief in this instance. The entry of Debtor's discharge did not occur by mistake and no extraordinary circumstances have been shown to justify vacation. Overall this court finds persuasive the reasoning of the majority of other courts that have addressed this issue, as fairly represented by the cases cited above. *See, e.g., In re Otto,* Case No. 09-36014, Dec. 28, 2010, Order Denying Motion to Reopen (available on court website).